IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LLOYD ALLAN LAWSON
LOUGHEED,

    Plaintiff,
v.                                                  CASE NO. 5:15-cv-332-MW-GRJ

NATIONAL CHURCH
RESIDENCIES, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper. Plaintiff is proceeding pursuant to a first amended complaint, ECF No. 6.[1] The first amended complaint is before the Court for screening pursuant to 28 U.S.C. § 1915. For the following reasons, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

The Complaint stems from events that occurred while Plaintiff was a resident in an apartment complex that received subsidies from the U.S.

---

[1] Because Plaintiff has filed his first amended complaint, his motion for extension of time to do so, ECF No. 5, is moot.

Department of Housing and Urban Development ("HUD").  Plaintiff contends that Defendant National Church Residencies contracted with Defendants Tanya Hill-Escalera and Renee Warren Lynah to provide support services at the complex.  Plaintiff contends that the individual Defendants denied him access to grief counseling and battered him in the course of excluding him from a treatment room.  Plaintiff alleges that Defendant Escalera slandered and defamed him by filing a false police report against Plaintiff to prevent him from returning to the treatment room.  Plaintiff alleges that Defendants' actions violated 42 U.S.C. § 10801.  For relief, Plaintiff seeks compensatory and punitive damages. ECF No. 6.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of*

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3rd 1365, 1367 (11th Cir. 1994).

Even liberally construed, the allegations of the Complaint are insufficient to establish a basis for the exercise of federal subject matter jurisdiction. Plaintiff's battery and slander/defamation claims allege torts under state law and do not provide a basis for the exercise of federal subject matter jurisdiction.

Plaintiff includes a citation to 42 U.S.C. § 10801, the Protection and Advocacy for Mentally Ill Individuals Act (PAMII). PAMII provides federal funding for state protection and advocacy systems for the mentally ill and empowers the systems to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness." 42 U.S.C. § 10805(a)(1)(B) and (C); *see Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1109–10 (9th Cir. 2003). PAMII does not create an enforceable private right of action. *See Yang v. Cal. Dep't of Soc. Servs.*,

183 F.3d 953, 958 (9th Cir.1999) (statute created no enforceable federal right) (citing *Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994 (1st Cir.1992));  42 U.S.C. § 10851(a) ("Subchapters I and II of this chapter shall not be construed as establishing any new rights for individuals with mental illness.").  Thus, Plaintiff cannot state a PAMII claim.

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights.  *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).   If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

There are no allegations suggesting that any of the named Defendants are "state actors" for purposes of liability under § 1983.  Only in rare circumstances may a private party be viewed as a state actor for

purposes of liability under § 1983.  To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Plaintiff's allegations do not establish that his claims satisfy these tests.

Accordingly, it is **ORDERED** that Plaintiff's motion for extension of time to file his amended complaint, ECF No. 5, is **MOOT.**  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

**IN CHAMBERS**  this 6th day of April 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**